No. 05-131

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 349N

IN THE MATTER OF THE ESTATE OF
ERNESTINE STUKEY,

        Deceased.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADP 2001-068,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Steven T. Potts, Thompson, Potts & Donovan, P.C., Great Falls, Montana
(Attorney for Appellants Evon Leistiko, Tessa Leistiko, Laura Leistiko,
Tyson Leistiko, Curtis Clark, Melody Klisch & Cherie Smith)

        For Respondents:

            Ward E. Taleff, Taleff Law Office, P.C., Great Falls, Montana
(Attorney for Respondent Charlene Howard)

            R. William Walsh, Attorney at Law, Great Falls, Montana
(Personal Representative)

Submitted on Briefs:  December 7, 2005

Decided:  December 29, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ernestine Stukey's (Stukey) daughter, Evon Leistiko (Leistiko) and related heirs challenge the distribution of the assets in Leistiko's mother's estate. We affirm.

¶3 The dispositive issue on appeal is whether the District Court erroneously distributed the assets of Stukey's estate.

¶4 This is the second time this Court has reviewed the distribution of Stukey's assets. In October 2004, we issued *In Re Estate of Stukey*, 2004 MT 279, 323 Mont. 241, 100 P.3d 114 (*Stukey I*) in which we affirmed the District Court's 2003 Order setting forth how the assets should be distributed among the heirs. A detailed description of the factual background was set forth in *Stukey I*, and will not be repeated here. The estate-distribution issues resolved in *Stukey I* were based on an estate value of $1,257,668.20, as represented under oath by Leistiko in her Final Inventory as conservator of her mother's estate.

¶5 In December 2004, following remand, the Personal Representative filed a petition seeking authority to pay certain fees and permission to make immediate partial distributions in specified percentages to the parties. The percentages that were the basis of the petition were in accordance with the District Court's 2003 Order that we affirmed in *Stukey I*. The

2

representative also requested that he be allowed to postpone final distribution to the heirs until all expenses had been determined and paid. The Petition made no reference to the total value of assets subject to distribution; however, on January 5, 2005, the Personal Representative filed an Inventory and Appraisement in which he determined that the total value of all property held by the estate at the time of Stukey's death was actually $1,464,814.00. On February 2, 2005, the District Court granted the Representative's Petition.

¶6 Leistiko and the other heirs appeal the District Court's Order. They argue on appeal that because *Stukey I* established the distributable value of the estate to be $1,257,668.20, the Personal Representative is limited to distributing that amount only. They therefore maintain that it was error for the District Court to authorize distribution of any amount greater than $1,257,668.20.

¶7 Respondent Charlene Howard maintains that the court properly followed the formula for equalizing distributions as set forth by the District Court and affirmed by this Court in *Stukey I.* She also argues that, by virtue of our decision in *Stukey I,* the other issues raised by Leistiko are barred under the doctrines of *res judicata*, collateral estoppel, and law of the case. Howard seeks an award of sanctions for a frivolous appeal.

¶8 As indicated above, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. We conclude, after reviewing *Stukey I* and the District Court's relevant orders, that the court's Order granting the distribution proposed in the Personal

Representative's Petition is consistent with the formula for distribution set forth in the District Court's 2003 Order which we affirmed in *Stukey I*. Having determined the distribution is appropriate, we need not address Leistiko's remaining issues. We deny Howard's request for sanctions and attorneys' fees.

¶9    Therefore, we affirm the District Court.


/S/ PATRICIA O. COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS